1

2

3

4

5

6

7

8

9           UNITED STATES DISTRICT COURT
         WESTERN DISTRICT OF WASHINGTON
10                    AT TACOMA

11  LEANNE M. HEADLEY,

12              Plaintiff,                    CASE NO. 14-cv-05051 JRC

13        v.                                  ORDER ON PLAINTIFF'S
                                              COMPLAINT
14  CAROLYN W. COLVIN, Acting
15  Commissioner of the Social Security
    Administration,
16
                Defendant.
17

18        This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and

19  Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S.

20  Magistrate Judge and Consent Form, Dkt. No. 5; Consent to Proceed Before a United

21  States Magistrate Judge, Dkt. No. 6). This matter has been fully briefed (*see* Dkt. Nos.

22  14, 15, 16).

23

24

After considering and reviewing the record, the Court finds that the ALJ failed to provide a legally sufficient reason for rejecting the opinion of consultative examining physician James P. Pepka, DO, that plaintiff was not capable of working on a full- time basis.

## BACKGROUND

Plaintiff, LEANNE M. HEADLEY, was born in 1965, and was 45 years old on the alleged date of disability onset of May 26, 2010 (*see* Tr. 206-07, 208-10).  Plaintiff graduated from high school (Tr. 43).  She has work experience as a daycare provider, licensed real estate agent, apartment manager, and receptionist (Tr. 229-40).  Plaintiff was last employed as a medical receptionist (Tr. 44-45).  This job ended when she was no longer physically capable of doing what was expected of her (*see* Tr. 44-45, 310).

According to the ALJ, plaintiff has at least the severe impairments of "scoliosis and degenerative disc disease (20 CFR 404.1571 *et. seq.,* and 416.971 *et seq.*)" (Tr. 20).

At the time of the hearing, plaintiff was living in a home with her husband, adult son, and her son's fiancé (Tr. 41)

## PROCEDURAL HISTORY

Plaintiff's applications for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration (*see* Tr. 80-99, 89-97, 104-13, 114-23).  Plaintiff's requested hearing was held before Administrative Law Judge Rebekah Ross ("the ALJ") on May 2,

2012 (*see* Tr. 36-79).  On May 18, 2012, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* Tr. 15-35).

In plaintiff's Opening Brief, plaintiff raises the following issues:   (1) Whether or not the ALJ properly evaluated the medical evidence; (2) Whether or not the ALJ properly evaluated plaintiff's testimony; (3) Whether or not the ALJ properly evaluated the lay evidence; (4) Whether or not the ALJ properly assessed plaintiff's residual functional capacity; and (5) Whether or not the ALJ erred by basing the step five finding on vocational testimony made in response to a hypothetical that did not include all of plaintiff's limitations, and that was inconsistent with the *Dictionary of Occupational Titles (DOT)* (*see* Dkt. No. 14, pp. 2-3).

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

(1) Whether or not the ALJ properly evaluated the medical evidence.

Plaintiff argues that the ALJ erred by failing to fully credit the medical opinion of consultative examining physician James P. Pepka, DO.  Dkt. No. 14, pp. 3-8.

Specifically, plaintiff argues that the ALJ's rejection of Dr. Pepka's opinion that plaintiff was limited to sitting for a total of three hours in an eight-hour work day and standing for a total of three hours in an eight-hour work day was legally insufficient (*see* Tr. 316). Dr. Pepka's opinion is significant because it is more restrictive than the limitations assessed by the ALJ in the residual functional capacity ("RFC") determination (*see* Tr. 21 (finding that plaintiff had the capacity to perform sedentary work activities) (*citing* 20 C.F.R. §§ 404.1567(a), 416.967(a))), and is consistent with a finding of disability under the Act because it indicates a maximum functional capacity of less than full-time work (*see* Tr. 36). *See also* Social Security Ruling ("SSR") 96-8p, 1996 WL 374184*1 (an RFC is an assessment of an individual's ability to do sustained work activities on a full-time basis, eight hours a day, for five days a week or an equivalent work schedule).

The ALJ rejected Dr. Pepka's opinion regarding plaintiff's sitting and standing limitations because it "is not supported by any medical testing or other evidence (Tr. 26)." And because "[i]t appears that Dr. Pepka relied on the subjective reports of [plaintiff] in making this assessment (Tr. 26)." In support of these conclusions, the ALJ noted that Dr. Pepka pointed out in his report that there was "something of a discrepancy" between plaintiff's reported work history, and plaintiff's assertion that she was unable to alternate between sitting and standing during the course of a couple of hours without also having to lie down (*see* Tr. 26 (*citing* Tr. 316 (noting a lack of information regarding the particular conditions under which plaintiff was able to work in her most recent position as a medical secretary))). These are not specific and legitimate reasons supported by

substantial evidence in the record sufficient to reject the opinion of an examining

physician.  *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996).

When an examining physician's opinion is contradicted, that opinion can be

rejected "for specific and legitimate reasons that are supported by substantial evidence in

the record."  *Lester,* 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043

(9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can

accomplish this by "setting out a detailed and thorough summary of the facts and

conflicting clinical evidence, stating his interpretation thereof, and making findings."

*Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881

F.2d 747, 751 (9th Cir. 1989)).  In addition, the ALJ must explain why her own

interpretations, rather than those of the doctors, are correct.  *Reddick,* 157 F.3d at 725

(*citing Embrey*, 849 F.2d at 421-22).

Defendant argues that the specific and legitimate standard applies to the ALJ's

assessment of the medical opinion of Dr. Pepka.  Dkt. No. 15, p. 8.  In support of this

argument, defendant points out that Dr. Pepka's opinion is contradicted by the opinions

of the state agency reviewing physicians.  Defendant further argues that the opinions of

the state agency reviewing physicians are supported by substantial evidence in the record

because the opinions of the state agency physicians were based, at least in part, on other

independent evidence in the record including the treatment records of plaintiff's primary

care provider Robert Ory, MD.  *See Tonapetyan v. Halter,* 242 F.3d 1144, 1149 (9th Cir.

2001) (*citing Magallanes,* 881 F.2d at 752)(opinion of a non examining psychologist

"may constitute substantial evidence when it is consistent with other independent

1  evidence in the record").  Plaintiff does not take a clear position on the applicable legal

2  standard.  *See* Dkt. No. 14, p. 3-5.  For these reasons, this Court finds that the specific

3  and legitimate standard applies to the ALJ's assessment of Dr. Pepka's medical opinion.

4  *See Lester,* 81 F.3d at 830-31.

5       In November 2010, Dr. Pepka completed a consultative physical examination of

6  plaintiff that included:  a medical records review, including x-ray, and magnetic

7  resonance imaging reports; a physical examination, including range of motion testing,

8  grip and pinch strength testing, fine and gross manipulation testing, straight leg raise

9  testing, Tinel's testing, and neurologic testing; a mental status examination; and x-ray

10  imaging (*see* Tr. 308-20).

11

12      Although defendant is correct in pointing out that an ALJ need not accept the

13  opinion of an examining physician if that opinion is inadequately supported by clinical

14  findings, such is not the case here.  *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d

15  1190, 1195 (9th Cir. 2004) (*citing Tonapetyan* , 242 F.3d at 1149); *see also Thomas v.*

16  *Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).  Dr. Pepka stated in his report that his

17  estimation of plaintiff's functional capacities was "based on the objective evidence

18  available for me today" (Tr. 316).  Dr. Pepka's objective examination findings were

19  noteworthy for:  abnormal range of motion in the hips, cervical spine, shoulders, thumbs,

20  thoracolumbar area, and knees; reduced strength in elbows, hips, knees, and possibly left

21  shoulder;  and diminished reflexes at the right patellar area and right Achilles area (*see*

22  Tr. 313-15).  Plaintiff also demonstrated positive straight leg raise testing bilaterally and

23  positive Tinel's test (*see* Tr. 314).

24

During the course of this examination, Dr. Pepka also made clinical observations regarding plaintiff's joint deformity in the thoracic and lumbar spine areas (*see* Tr. 314). Dr. Pepka noted that "[plaintiff's] scoliosis was quite pronounced being concaved in the thoracic area, center in mid thoracic areas, and left-sided concavity in the lumbar areas centered in the mid lumbar area (Tr. 315)." These clinical findings were confirmed by x-ray imaging (*see* Tr. 315).   Additionally, Dr. Pepka reviewed plaintiff's lumbar spine MRI that showed leftward disc protrusions at multiple levels, small rightward disc protrusion at multiple levels, mild facet arthropathy, and mild left foraminal stenosis (*see* Tr. 308, 315)

Apart from summarily concluding that Dr. Pepka's opinion was not supported by the medical evidence, the ALJ failed to point to any clinical findings that contradicted Dr. Pepka's conclusions regarding plaintiff's ability to sit and stand.  Further, the ALJ offered no explanation for why her own interpretation of this evidence, rather than Dr. Pepka's was correct.  *See Reddick,* 157 F.3d at 725 (*citing Embrey*, 849 F.2d at 421-22 (ALJ must explain why her own interpretations, rather than those of the doctors, are correct).  For these reasons, the ALJ's conclusion that Dr. Pepka's opinion regarding plaintiff's sitting and standing limitations is not supported by substantial evidence in the record.  *See Bayliss*, 427 F.3d 1211, 1214 n.1.

Additionally, it is important to note that, contrary to the ALJ's conclusion that Dr. Pepka relied on plaintiff's subjective reports in formulating his opinion regarding plaintiff's limitations, the limitations opined by Dr. Pepka are in fact less restrictive than plaintiff reported.   Plaintiff reported to Dr. Pepka that she was able to sit for one hour or

1   less in an eight-hour day and stand and walk for one hour or less in an eight-hour day (*see*

2   Tr. 310, 312).   Whereas, Dr. Pepka opined plaintiff was capable of sitting for three hours

3   in an eight-hour day, and standing for three hours in an eight-hour day (*see* Tr. 316).

4        Moreover, as the ALJ observed, Dr. Pepka commented on the discrepancies

5   between plaintiff's reporting regarding her current physical abilities and plaintiff's

6   description of most recent work experience (*see* Tr. 26, 316).  Following this comment,

7   Dr. Pepka explained that it was possible that with additional testing—including electrical

8   testing of plaintiff's upper and lower extremities and MRI exams of plaintiff's cervical,

9   thoracic and lumbar spine— "there might be more evidence of limitations than is present

10  in the reports available for my review today (Tr. 316)."  Dr. Pepka then qualified his

11  assessment of plaintiff's functional limitations by stating:  "At present, I would estimate

12  based on the objective evidence available for me today that [plaintiff's] work capacities

13  would be as follows…"  These statements further support that Dr. Pepka's opinion was

14  based on objective medical evidence and not on plaintiff's subjective reports.

15        There is "nothing in the record to suggest" Dr. Pepka relied on the claimant's own

16  "description of her symptoms . . . more heavily than his own clinical observations." *See*

17  *Ryan v. Comm'r Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008).   As such,

18  this Court finds that the ALJ failed to provide specific and legitimate reasons supported

19  by substantial evidence to reject the medical opinion of examining physician Dr. Pepka.

20  *See Lester,* 81 F.3d at 830-31.  The ALJ's decision is reversed and remanded for further

21  consideration of Dr. Pepka's medical opinion, and, as appropriate the RFC assessment

22  and step five findings.

ORDER ON PLAINTIFF'S COMPLAINT - 8

1    Additionally, as appropriate, the Commissioner should give further consideration

2  to the medical opinion of plaintiff's treating physician Robert Ory, MD, because Dr.

3  Ory's opinion regarding plaintiff's functional limitations was based in large part on the

4  evaluation findings of Dr. Pepka (*see* Tr. 301-07 (noting "[m]ost of this questionnaire

5  was completed by referring to James Pepka's note dated 11/17/2010")).  Similarly, a

6  determination of a claimant's credibility relies in part on the assessment of the medical

7  evidence.  *See* 20 C.F.R. §§ 404.1529(c), 416.929(c).  If warranted, plaintiff's credibility

8  also should be assessed anew following remand of this matter.

9

10    Because this matter is reversed on the first issue regarding review of medical

11  evidence, the Court need not further review the remaining issues, because plaintiff's

12  credibility, the lay testimony, and the ALJ's RFC must be reevaluated in light of the

13  above considerations.

14                                    CONCLUSION

15    Based on these reasons and the relevant record, the Court **ORDERS** that this

16  matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. §

17  405(g) to the Acting Commissioner for further proceedings consistent with this Order.

18    **JUDGMENT** should be for plaintiff and the case should be closed.

19    Dated this 9th day of September, 2014.

20

21

22                                    J. Richard Creatura
                                      United States Magistrate Judge
23

24