UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LEANNE M. HEADLEY, | CASE NO. 14-cv-05051 JRC |
| Plaintiff, | |
| v. | ORDER GRANTING MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b) |
| CAROLYN W COLVIN, Acting Commissioner of the Social Security Administration, | |
| Defendant. | |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 6). This matter is before the Court on plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (*see* Dkt. 23). Defendant has no objection to plaintiff's request (*see* Dkt. 24).

The Court may allow a reasonable fee for an attorney who represented a Social Security Title II claimant before the Court and obtained a favorable judgment, as long as such fee is not in excess of 25 percent of the total of past-due benefits. *See* 42 U.S.C. § 406(b)(1); *Grisbrecht v.*

1  *Barnhart*, 535 U.S. 789 (2002). When a contingency agreement applies, the Court will look first

2  to such agreement and will conduct an independent review to assure the reasonableness of the

3  fee requested, taking into consideration the character of the representation and results achieved.

4  *See Grisbrecht, supra*, 535 U.S. at 807, 808 (footnote omitted) (citations omitted). Although the

5  fee agreement is the primary means for determining the fee, the Court will adjust the fee

6  downward if substandard representation was provided, if the attorney caused excessive delay, or

7  if a windfall would result from the requested fee. *See Crawford v. Astrue*, 586 F.3d 1142, 1151

8  (9th Cir. 2009) (*citing Grisbrecht, supra*, 535 U.S. at 808).

9  Here, the representation was standard, at least, and the results achieved excellent (*see*

10  Dkt. 23, Attachment 3). *See Grisbrecht, supra*, 535 U.S. at 808. Following remand from this

11  Court (Dkt. 17) and after a second administrative hearing, the Administrative Law Judge

12  awarded disability benefits to plaintiff (*see* Dkt. 23, Attachments 1, 3). There has not been

13  excessive delay and no windfall will result from the requested fee.

14  The Administration has withheld $13,527.00 from plaintiff's past due benefits award of

15  $54, 108.00 (*see id*, p. 2). Plaintiff has moved for a net attorney's fee of $6,511.76 (*see* Motion,

16  Dkt. 23, p. 1) and the Court has considered the EAJA award received by plaintiff's attorney in

17  the amount of $7,015.24 (Dkt. 22). *Parish v. Comm'r. Soc. Sec. Admin.*, 698 F.3d 1215, 1221

18  (9th Cir. 2012).

19  Based on plaintiff's motion and supporting documents (*see* Dkt. 23, Attachments 1, 3, 4,

20  5, 6), and with no objection from defendant (ECF No. 24), it is hereby ORDERED that

21  attorney's fees in the amount of $6,511.76 be awarded to plaintiff's attorney pursuant to 42

22  U.S.C. § 406(b). Following payment of the attorney's fee award, minus any applicable

23

24

ORDER GRANTING MOTION FOR
ATTORNEY'S FEES PURSUANT TO 42 U.S.C. §
406(B) - 2

1 processing fees as allowed by statute, the Social Security Administration shall release the
2 balance of the withheld funds directly to plaintiff.
3     Dated this 11th day of August, 2016.

                                        J. Richard Creatura
                                        United States Magistrate Judge

ORDER GRANTING MOTION FOR
ATTORNEY'S FEES PURSUANT TO 42 U.S.C. §
406(B) - 3